IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS UPSHAW, ID # 912268,           ) | |
|       Petitioner,           ) | |
| vs.                                                                          ) | No. 3:03-CV-1791-P (BH) |
|                                                    ) | ECF |
| DOUGLAS DRETKE, Director,           ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal           ) | |
| Justice, Correctional Institutions Division,           ) | |
|       Respondent.           ) | |

**SUPPLEMENTAL
FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Reference dated June 21, 2005, subject cause has previously been referred to the United States Magistrate Judge. The supplemental findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition pursuant to 28 U.S.C. § 2254 to challenge his conviction for aggravated sexual assault in Cause No. F-97-03447-KQ. Respondent is Douglas Dretke, Director of TDCJ-CID.

**B. Procedural History**

On January 20, 1998, a jury convicted petitioner of aggravated sexual assault in Cause No. F-97-03447-KQ. (Pet. Writ of Habeas Corpus (Pet.) at 2.) The trial court denied a motion for new trial despite an affidavit from counsel that a hearing impairment hindered his representation of petitioner. *See Upshaw v. State*, No. 05-98-00773-CR, 1999 WL 493697, at *5 (Tex. App. – Dallas

July 14, 1999, pet. ref'd) (discussing such affidavit in considering a claim on appeal). On July 14, 1999, the court of appeals affirmed his conviction on direct appeal. *Id.* at *9. The Texas Court of Criminal Appeals refused his petition for discretionary review on January 5, 2000. (Pet. at 3.) On April 24, 2002, petitioner filed a state writ that the Texas Court of Criminal Appeals denied on September 11, 2002. (*See id.* ¶ 11.)

Petitioner filed the instant federal petition on August 9, 2003, when he signed and placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

On April 18, 2005, the undersigned Magistrate Judge recommended that the District Court deny the instant action with prejudice for petitioner's failure to file it within the applicable period of limitations. (*See* Findings, Conclusions, and Recommendation (FCR) at 5.) On May 5, 2005, the Court received petitioner's initial objections wherein he contends that his petition is timely because he is entitled to equitable tolling. (Obj'ns at 1-2, doc. 6.) On June 16, 2005, the Court received more detailed objections to the recommendation as well as supporting evidence. (*See* Obj'ns at 1-13 and attachments thereto, doc. 8 [hereinafter June Obj'ns.) Petitioner objects to the FCR solely because he contends that he is entitled to equitable tolling due to ineffective assistance of counsel during the state habeas process. (*See id.* at 3.) He provides a detailed recitation of dilatory actions of counsel that resulted in the filing of the instant action outside the one-year period of limitations. (*See id.* at 5-8.)

Because petitioner had not presented "the evidence and arguments" in his objections in the original petition reviewed by the undersigned Magistrate Judge, the District Court referred the objections filed June 16, 2005, for recommendation. (*See* Order of Reference at 1.) Accordingly, the Magistrate Judge thus makes the following supplemental findings and recommendation regarding equitable tolling:

## II. EQUITABLE TOLLING

Petitioner contends that he is entitled to equitable tolling because he received ineffective assistance of counsel during the state habeas process. (*Id.* at 3-8.) He submits that, although he hired an attorney to handle his state writ in May 2000, the attorney failed to file such writ until April 25, 2002. (*Id.* at 5, 7.) He further submits that, in August 2000, he "began a series of inquiries" to his attorney because he was concerned about the time limits for filing a federal petition. (*Id.* at 5.) His attorney proffered several excuses for the delay in filing petitioner's state writ: (1) illness (August 2000); (2) waiting for favorable ruling on a federal case (June 2001); and (3) other pressing matters (August 2001). (*Id.* at 5-6.)

Petitioner argues that his attorney's "ignorance in waiting for the [favorable] United States Court of Appeals' decision was an obvious failure to protect" his interests in obtaining federal habeas relief, and that the attorney confessed "his 'bad judgment' in [waiting] to file the State application." (*Id.* at 7.) He contends that the Court should find his attorney's actions "unacceptable" and correct the attorney's "absolute malpractice and extortive practices".[1] (*Id.* at 8.) These facts, he claims, show rare and exceptional circumstances that entitle him to equitable tolling. (*Id.* at 11-12.)

---

[1] The "extortive practices" relate to the attorney's attempt to obtain $5,000 to file a petition for writ of certiorari with the Supreme Court. (*See* June Obj'ns at 8.)

3

In *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) the Fifth Circuit Court of Appeals held, "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'"[2]  *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In addition, equitable tolling may be warranted when a court affirmatively misleads a litigant. *See United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner is not entitled to equitable tolling unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare and exceptional circum-

---

[2] The Fifth Circuit later held that principles of equitable tolling apply in the context of a motion to vacate filed under 28 U.S.C. § 2255, and that case law regarding such tolling is applicable whether decided in the context of § 2254, § 2255, or outside AEDPA. *See United States v. Patterson*, 211 F.3d 927, 930-31 & n.5 (5th Cir. 2000).

4

stances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

In this instance, petitioner was not actively misled by the State or any court. He contends, however, that ineffective assistance of counsel prevented him from timely pursuing this federal habeas action and that he has diligently pursued his § 2254 relief.

**A. Ineffective Assistance of Counsel**

Petitioner argues that the untimeliness of the instant petition should be excused because dilatory actions of counsel caused his state writ to be filed after the federal period of limitations expired. Although the Court accepts petitioner's allegations regarding his attorney as true for purposes of these findings, the argument nevertheless fails for several reasons.

First, there is no right to counsel during the state habeas process. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir.), *cert. denied*, 543 U.S. 849 (2004); *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001); *Jones v. Johnson*, 171 F.3d 270, 277 (5th Cir. 1999); *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996). Because the representation during petitioner's state habeas application cannot be "constitutionally ineffective", petitioner "must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 752-53. In other words, "[i]n the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation." *Id.* at 754.

Second, even if petitioner had a right to counsel, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas v. Dretke*, 354 F.3d 425, 432 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). That petitioner's chosen representative may have

5

been ignorant of the law or exercised poor judgment does not entitle petitioner to equitable tolling. Ignorance of the law does not warrant equitable tolling even for those who proceed without counsel. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Third, petitioner has not shown that the dilatory actions of his attorney constitute extraordinary circumstances beyond his control that made it impossible to file his petition on time. Commencing in August 2000, petitioner expressed his concerns about the federal statute of limitations. (*See* June Obj'ns at 5.) Notwithstanding the attorney-client relationship, he has shown nothing to indicate that he could not have filed a state writ within the federal limitations period *pro se*, thus gaining the benefit of statutory tolling during the pendency of such writ. He has likewise shown nothing to indicate that he could not have filed his federal writ within the limitations period had he received the benefit of statutory tolling. In short, under the facts presented by petitioner, it was not impossible to file his federal petition on time. Although petitioner hired an attorney to file his state writ, the filing of such writ ultimately remained within petitioner's control.

## B. Diligence

Petitioner also argues that he is entitled to equitable tolling because he has diligently pursued his habeas relief. However, although petitioner may have diligently monitored his state habeas application, he did not file such application, either personally or through his retained attorney, within the federal one-year period of limitations. In addition, he did not file the instant federal action until August 2003, nearly eleven months after the Texas Court of Criminal Appeals denied his state writ on September 11, 2002. It thus appears that petitioner did not exercise sufficient diligence even after the denial of his state writ to warrant equitable tolling.

6

Petitioner next contends that he did not receive notice of the denial of his state writ until October 2002, (June Obj'ns at 7), and that he filed the instant action "immediately after learning that counsel did not file" a petition for writ of certiorari with the Supreme Court, (*id.* at 12). Although he provides documentation that he received notice in October 2002, (*see* Letter from Attorney to Petr. (Oct. 15, 2002) (attached as Ex. M attached to June Obj'ns) (showing that the attorney notified petitioner of the denial on October 15, 2002), he provides nothing to indicate that he reasonably thought that his attorney was filing a petition for writ of certiorari. In fact, the submitted documentation seems to indicate that petitioner chose to sue his attorney rather than hire the attorney to file such a petition. (*See* Letter from Petr. to Attorney (Nov. 14, 2002) (attached as part of Ex. E to June Obj'ns) (showing that petitioner wanted the attorney to provide an affidavit that it was the attorney's fault for the untimeliness and showing no indication that petitioner expected the attorney to file a petition for writ of certiorari); Letter from Petr. to Clerk (Oct. 31, 2002) (attached as part of Ex. E to June Obj'ns) (showing a request by petitioner to file a claim against the attorney with the State Bar of Texas); Letter from Petr.'s Sister to Petr. (Nov. 1, 2002) (attached as Ex. O to June Obj'ns) (showing that sister informed petitioner that (1) the attorney told her that petitioner had fifty-five days to proceed to the Supreme Court; (2) petitioner needed to sue the attorney for his ineffectiveness; (3) petitioner had to decide whether to use the attorney for the writ of certiorari or do it himself, but cautioned against using the attorney and suing him at the same time; and (4) indicating a lack of trust that the attorney would do anything even if hired); Aff. of Sister, attached as Ex. P to June Obj'ns (showing that attorney wanted $5,000 fee to file such a petition); Ex. C to June Obj'ns (showing payments to attorney in 2000, but none in 2002)).

Based on the submitted documents, petitioner has not adequately explained the ten-month delay between the date he learned of the denial of his state writ (October 2002) and the date he filed the instant action (August 2003). As previously noted, the Fifth Circuit Court of Appeals has concluded that a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In *Coleman*, the appellate court found that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling." *Id.*

In this instance, petitioner provides no adequate explanation for the ten-month delay between his receipt of notice of the denial of his state habeas application in October 2002, and the filing of this action in August 2003. Without adequate explanation for this lengthy delay, the circumstances of this case are not extraordinary enough to qualify for equitable tolling. Petitioner has exercised insufficient diligence to warrant equitable tolling. He has not cleared the high hurdle of showing extraordinary circumstances beyond his control that made it impossible to file his petition on time. Consequently, equitable tolling is not warranted in this case.

Because equitable tolling is not warranted, the instant petition falls outside the statutory period and should be deemed untimely. Although the Court certainly does not condone dilatory actions of counsel, equitable tolling is not warranted on the facts presented here. Furthermore, that the actions of counsel may be unacceptable to the Court does not entitle petitioner to equitable tolling. By its nature, ineffective assistance of counsel is unacceptable to the Court. Such assistance, however, does not of itself entitle a petitioner to equitable tolling.

## III. RECOMMENDATION

For the reasons stated in the Findings, Conclusions, and Recommendation dated April 18, 2005, as supplemented by the discussion regarding equitable tolling herein, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 31st day of March, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE